**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIANZHONG LI, | No. 12-70614 |
| Petitioner, | |
| v. | Agency No. A099-457-272 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Xianzhong Li, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2013). We deny the petition for review.

Li testified that the local police beat him and detained him for less than one day before he escaped through a window. The record does not compel the conclusion that the harm Li suffered rose to the level of persecution. *See id.* at 1019-20 (three-day detention, beating, and interrogation by Chinese police did not compel finding of past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution). We reject Li's contention that the BIA's analysis of this issue was inadequate. *See Najmabadi v. Holder*, 579 F.3d 983, 990 (9th Cir. 2010) (the BIA "does not have to write an exegesis on every contention"). Substantial evidence also supports the BIA's determination that Li did not establish a well-founded fear of future persecution because, after the incident, he relocated and lived within China for more than a year without problems. *See* 8 C.F.R. § 1208.13(b)(2)(ii) (no well-founded fear where petitioner could reasonably relocate). Accordingly, Li's asylum claim fails.

Because Li has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Li does not raise any arguments regarding the denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**